Filed 5/13/22  Simonton v. Dropbox, Inc. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JON SIMONTON,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>DROPBOX, INC.,<br><br>        Defendant and Respondent. | A161603<br><br>(San Mateo County<br>Super. Ct. No. 19-CIV-05089) |

Plaintiff Jon Simonton, individually and on behalf of others similarly situated, appeals a judgment dismissing his action against Dropbox, Inc. (Dropbox) alleging violations of the Securities Act of 1933, 15 United States Code section 77k (hereafter the 1933 Act). He contends the court erred by enforcing a provision in Dropbox's bylaws that designates federal district courts as the exclusive forum for claims under the 1933 Act. We find no error and affirm the judgment.

## Background

### *The 1933 Act*

The 1933 Act, which was enacted "[i]n the wake of the 1929 stock market crash . . . to promote honest practices in the securities markets, . . . require[s] companies offering securities to the public to make 'full and fair disclosure' of relevant information." (*Cyan, Inc. v. Beaver County Employees Ret. Fund* (2018) 138 S.Ct. 1061, 1066.) To aid enforcement of those

1

obligations, the statute created private rights of action and authorized both federal and state courts to exercise jurisdiction over those private suits. (*Ibid.*; see 15 U.S.C. § 77v(a) ["The district courts of the United States . . . shall have jurisdiction . . . concurrent with State and Territorial courts . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this title."].) "Congress also barred the removal of such actions from state to federal court." (*Ibid.* ["[N]o case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States."].) Finally, as relevant here, the 1933 Act contains the following anti-waiver provision: "Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this title or of the rules and regulations of the Commission shall be void." (15 U.S.C. § 77n.)

### *Dropbox*

Dropbox is a Delaware corporation headquartered in California that specializes in digital file storage, such as cloud storage of documents and photographs.

In February 2018, in advance of its anticipated initial public offering (IPO), Dropbox filed a public registration statement with the Securities Exchange Commission.[1] The statement advises, "Our amended and restated bylaws will designate a state or federal court located within the State of Delaware as the exclusive forum for substantially all disputes between us and our stockholders, and also provide that the federal district courts will be the exclusive forum for resolving any complaint asserting a cause of action

---

[1] Dropbox's unopposed request for judicial notice of excerpts of the registration statements it filed with the Securities Exchange Commission is granted.

2

arising under the Securities Act, each of which could limit our stockholders' ability to choose the judicial forum for disputes with us or our directors, officers, or employees." (Italics omitted.)

In March 2018, Dropbox filed an amended registration statement advising potential purchasers that Dropbox had amended its bylaws to include the following forum selection provision: "Unless the corporation consents in writing to the selection of an alternative forum, the federal district courts of the United States of America shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act of 1933." The statement advises that the amended bylaws would become effective immediately prior to completion of the IPO. The registration statement also advised, "Any person or entity purchasing or otherwise acquiring any interest in any security of the corporation shall be deemed to have notice of and consented to [this] provision[]."

Dropbox conducted its IPO on March 23, 2018.

### The Present Action

Plaintiff's complaint, filed in September 2019, alleges that the registration statement issued in connection with the company's March 2018 IPO was inaccurate and misleading and that plaintiff purchased Dropbox Class A common stock "pursuant or traceable to" the registration statement. The complaint alleges further that he sustained damages due to defendant's violation of the 1933 Act.[2]

---

[2] Plaintiff's action was one of four filed in California state court that were consolidated before the San Francisco County Superior Court. Although plaintiffs in all of the proceedings appeared in the present appeal, plaintiffs in three of the actions have been dismissed. In addition, two nearly identical actions were filed in federal court by other stockholder plaintiffs and were consolidated in the Northern District federal court. (*Deinnocentis v. Dropbox*

In May 2020, Dropbox filed a motion to dismiss based on the forum selection provision included in its amended bylaws. Following briefing by the parties, as well as by two amici curiae, and a hearing, the trial court granted the motion to dismiss.

Plaintiff timely filed a notice of appeal.

## Discussion

"The proper procedure for enforcing a contractual forum selection clause in California is a motion pursuant to [Code of Civil Procedure] section 410.30. [Citation.] That provision codifies the forum non conveniens doctrine, under which a trial court has discretion to decline to exercise its jurisdiction over a cause of action that it believes may be more appropriately and justly tried elsewhere. [Citations.] Where a section 410.30 motion is 'based on a forum selection clause[,] . . . factors that apply generally to a forum non conveniens motion do not control. . . .' [Citation.] Instead, 'the test is simply whether application of the clause is unfair or unreasonable[; if not,] the clause is usually given effect.' " (*Drulias v. 1st Century Bancshares, Inc.* (2018) 30 Cal.App.5th 696, 703, fn. omitted (*Drulias*).)

Plaintiff challenges the trial court's enforcement of the forum selection provision on several grounds. Plaintiff argues: (1) the forum selection provision is barred by the anti-removal and anti-waiver provisions of the 1933 Act; (2) Delaware's statutory scheme, which permits a corporation to adopt the forum selection provision, violates both the Supremacy and Commerce Clauses of the United States Constitution; and (3) the forum selection provision is not enforceable under California law.

---

*Inc.* (N.D.Cal., Jan. 16, 2020, No. 19-cv-06348-BLF) 2020 U.S. Dist. Lexis 8680 [consolidating *Deinnocentis v. Dropbox Inc.* (N.D.Cal., No. 3:19-cv-06348-BLF) and *Pikal v. Dropbox, Inc.* (N.D.Cal., No. 3:19-cv-06360-BLF)].)

Plaintiff's arguments regarding interpretation of the 1933 Act and the constitutionality of the Delaware statutory scheme are reviewed de novo. (*Wunderlich v. County of Santa Cruz* (2009) 178 Cal.App.4th 680, 694 ["The interpretation of constitutional or statutory provisions presents a legal question, which we decide de novo."].) The court's determination that the forum selection provision is enforceable under California law is reviewed for an abuse of discretion. (*Drulias, supra*, 30 Cal.App.5th at p. 704.)

After this appeal was fully briefed and set for oral argument, Division Two of this court issued its opinion in *Wong v. Restoration Robotics, Inc.* (Apr. 28, 2022, A161489) __ Cal.App.5th __ [2022 Cal.App. Lexis 366] (*Restoration Robotics*). In that case, after the value of the plaintiff's shares of stock in defendant company dropped within months of the company's initial public stock offering, plaintiff brought an action alleging that the company's offering documents contained materially false and misleading statements in violation of the 1933 Act. (*Id.* at p. __ [2022 Cal.App. Lexis 366 at p *1].) As in the present case, defendant, a Delaware corporation, successfully moved to dismiss plaintiff's action based on a federal forum selection provision that had been added to the company's bylaws in advance of the public stock offering. (*Id.* at p. __ [2022 Cal.App. Lexis 366 at p. *2].) In affirming the judgment of dismissal, the court in *Restoration Robotics* rejected each of the arguments raised by plaintiff in the present action. The parties were given the opportunity to address *Restoration Robotics* in oral argument. As discussed below, we agree with the reasoning set forth in *Restoration Robotics* and accordingly shall affirm the judgment.

1. ***The 1933 Act does not bar enforcement of the forum selection provision.***

Plaintiff contends that enforcement of Dropbox's forum selection provision is barred by the anti-removal and anti-waiver provisions of the 1933 Act because the provision effectively waives a shareholder's right to bring an action in state court. Although the anti-waiver provision is worded broadly, the United States Supreme Court has interpreted it as prohibiting agreements to waive only substantive obligations imposed by the act. (*Rodriguez de Quijas v. Shearson/American Express, Inc.* (1989) 490 U.S. 477, 481–482 (*Rodriguez*) [1933 Act's provisions protecting plaintiff's "right to select the judicial forum" are "procedural provisions" not subject to the act's anti-waiver provision]; see also *Shearson/American Express, Inc. v. McMahon* (1987) 482 U.S. 220, 227–228 (*McMahon*) [identical anti-waiver provision in the Securities Exchange Act of 1934, 15 U.S.C. § 78a (Exchange Act), "only prohibits waiver of the substantive obligations imposed by the Exchange Act"].)[3]

In *McMahon*, the court held that a predispute arbitration agreement does not violate the anti-waiver provision of the Exchange Act. The court explained, "What the antiwaiver provision . . . forbids is enforcement of agreements to waive 'compliance' with the provisions of the statute. But [the provision of the Exchange Act affording exclusive jurisdiction to the federal courts] . . . does not impose any duty with which persons trading in securities must 'comply.' " (*McMahon, supra*, 482 U.S. at p. 228.) Accordingly, "its waiver does not constitute a waiver of 'compliance with any provision' of the

[3] The anti-waiver provision of the Exchange Act reads, "Any condition, stipulation, or provision binding any person to waive compliance with any provision of this title . . . or of any rule or regulation thereunder, or of any rule of a self-regulatory organization, shall be void." (15 U.S.C. § 78cc(a).)

6

Exchange Act." (*Ibid.*) Two years later, relying largely on *McMahon*, the court in *Rodriguez* held that a predispute agreement to arbitrate claims under the Securities Act of 1933 was not barred by the anti-waiver provision of that act. The court explained that "the right to select the judicial forum and the wider choice of courts are not such essential features of the Securities Act that [the anti-waiver provision] is properly construed to bar any waiver of these provisions." (*Rodriguez, supra,* 490 U.S. at p. 481.) The court differentiated the substantive provisions of the 1933 Act from the procedural provisions, including those that "grant . . . concurrent jurisdiction in the state and federal courts without possibility of removal" and concluded that "[t]here is no sound basis for construing the prohibition . . . on waiving 'compliance with any provision' of the Securities Act to apply to these procedural provisions." (*Id.* at p. 482.)

Although both *McMahon* and *Rodriguez* address enforceability of arbitration agreements, the same analysis is applicable here.[4] (See *Rodriguez, supra*, 490 U.S. at p. 483 [describing arbitration agreements as " 'in effect, a specialized kind of forum-selection clause' "].) Just as in those

---

[4] Contrary to plaintiff's argument at oral argument, the absence of a written agreement signed by plaintiff does not distinguish the agreement in this case from the arbitration agreement in *Rodriguez*. It is well established that a party purchasing stock in a Delaware company agrees to be bound by the company's bylaws. (See *Drulias, supra*, 30 Cal.App.5th at p. 708, citing *Roberts v. TriQuint Semiconductor, Inc.* (2015) 364 P.3d 328, 337 ["When purchasing stock in a Delaware corporation, shareholders buy into a legal framework that allows corporate directors to unilaterally amend the corporation's bylaws and gives the shareholders the right to repeal those bylaws."]; *North v. McNamara* (S.D. Ohio 2014) 47 F.Supp.3d 635, 642, fn. omitted ["shareholders . . . consented to the Delaware corporate framework by buying shares in a Delaware corporation and agreeing to the certificate of incorporation that allowed the board to unilaterally adopt bylaws"].)

cases, Dropbox's forum selection provision displaces plaintiff's procedural right to bring an action in state court without fear of removal. It does not waive Dropbox's compliance with a substantive obligation under the act. Accordingly, enforcement of the forum selection provision is not barred by the anti-waiver provision of 1933 Act. (*Restoration Robotics, supra*, __ Cal.App.5th at pp. __ [2022 Cal.App. Lexis 366, at pp. *15–*18]; see also *Salzberg v. Sciabacucchi* (Del. 2020) 227 A.3d 102, 132 (*Salzberg*) [noting that the court in *Rodriguez* "held that federal law has no objection to provisions that preclude state litigation of Securities Act claims"].)

A different result would be reached if waiver of a procedural provision resulted in the denial of a substantive right under the act. (See *McMahon, supra*, 482 U.S. at p. 229 [waiver of a judicial forum may be barred where arbitration is inadequate to protect the substantive rights]; see also *Seafarers Pension Plan v. Bradway* (7th Cir. 2022) 23 F.4th 714, 724 [forum-selection clause requiring that all derivative suits be brought in Delaware state court was barred by anti-waiver provision where enforcement would foreclose entirely plaintiff's action under the Exchange Act].) However, requiring that the action proceed in federal court does not interfere with any substantive rights afforded plaintiff under the act.

Finally, contrary to plaintiff's suggestion, the forum selection provision does not conflict with the anti-removal provision of the 1933 Act. (*Restoration Robotics, supra*, __ Cal.App.5th at pp. __ [2022 Cal.App. Lexis 366, at pp. *12–*15 ].) The anti-removal provision prohibits a seller of securities from removing to federal court a 1933 Act action that a plaintiff has brought in state court. The provision reflects the "long and unusually pronounced tradition of according authority to state courts over 1933 Act litigation." (*Cyan v. Beaver County Employees Ret. Fund, supra*, 138 S.Ct. at p. 1073.) As

8

Dropbox argues, however, it is not seeking to remove to federal court a case properly filed in state court. It seeks to dismiss the action under Code of Civil Procedure section 410.30 based on the validly adopted forum selection provision. Moreover, just as the Supreme Court concluded in *Rodriguez, supra*, 490 U.S. at page 483, that the concurrent jurisdiction authorized under the 1933 Act can be waived in favor of arbitration, the anti-removal provision can be deemed to have been waived by agreeing in advance to a federal forum for all 1933 Act claims.

Accordingly, the forum selection provision does not conflict with, and thus is not barred by, either the anti-removal or anti-waiver provisions of the 1933 Act.

2.    *Enforcement of the forum selection provision is not unconstitutional*.

Plaintiff contends the trial court should not have enforced the forum selection provision because the Delaware statutory scheme under which the forum selection provision was adopted is unconstitutional. He argues that this court "should decline to prop up this unconstitutional scheme, and should reverse the lower court." He contends that section 102 of the Delaware General Corporation Law (DGCL) violates the Supremacy Clause of the of the United States Constitution by authorizing corporations to nullify the state court jurisdiction authorized by the 1933 Act and that section 115 of the DGCL discriminates against federal claims by prohibiting adoption of a forum selection provision that eliminates state court jurisdiction for securities claims under Delaware law but permits adoption of a forum selection provision that eliminates state court jurisdiction for analogous claims under the 1933 Act. He argues further that these provisions impermissibly burden interstate commerce in violation of the commerce

clause of the United States Constitution. Dropbox disputes plaintiff's arguments on the merits and argues further that neither adoption nor enforcement of the forum selection provision involves "state action" necessary to support plaintiff's constitutional claims.

Background

Corporations incorporated in Delaware are governed by the DGCL. Section 102 of the DGCL authorizes a corporation to include in its certificate of incorporation "any provision for the management of the business and for the conduct of the affairs of the corporation and any provision creating, defining, limiting and regulating the powers of the corporation, the directors, and the stockholders, or any class of the stockholders, . . . if such provisions are not contrary to the laws of this State." (Del. Code, tit. 8, § 102, subd. (b)(1); *Salzberg, supra*, 227 A.3d at p. 113.) In *Salzberg, supra*, 227 A.3d at page 132, the Delaware Supreme Court held that forum selection provisions requiring that claims under the 1933 Act be brought in federal court, similar to that at issue here, are valid and enforceable under Delaware law. The court explained that "a bylaw that seeks to regulate the forum in which . . . 'intra-corporate' litigation can occur is a provision that addresses the 'management of the business' and the 'conduct of the affairs of the corporation,' and is, thus, facially valid" under section 102, subdivision (b)(1) of the DGCL. (*Salzberg, supra*, at p. 114.) In its decision, the court rejected the argument that the federal forum selection provision violated section 115 of the DGCL.

Section 115 of the DGCL provides: "The certificate of incorporation or the bylaws may require, consistent with applicable jurisdictional requirements, that any or all internal corporate claims shall be brought solely and exclusively in any or all of the courts in this State, and no

10

provision of the certificate of incorporation or the bylaws may prohibit bringing such claims in the courts of this State. 'Internal corporate claims' means claims, including claims in the right of the corporation, (i) that are based upon a violation of a duty by a current or former director or officer or stockholder in such capacity, or (ii) as to which this title confers jurisdiction upon the Court of Chancery." (Del. Code, tit. 8, § 115.) In *Salzberg, supra*, 227 A.3d at page 109, the court explained, "Section 115 merely confirms affirmatively . . . that a charter may specify that *internal corporate claims* must be brought in 'the courts in this State' (presumably including the federal court), while prohibiting provisions that would preclude bringing *internal corporate claims* 'in the courts of this State.' Section 115, read fairly, does not address the propriety of forum-selection provisions applicable to other types of claims. If a forum-selection provision purports to govern intra-corporate litigation of claims that do not fall within the definition of 'internal corporate claims,' we must look elsewhere . . . to determine whether the provision is permissible. This is because intra-corporate litigation relates to the business of the corporation . . . , and such provision is authorized under Delaware law and is facially valid." (*Id*. at p. 119, italics added.)

State Action

Dropbox contends that plaintiff's constitutional arguments must fail because the allegedly unconstitutional conduct is not "fairly attributable" to the state of Delaware. (See *American Mfrs. Mut. Ins. Co. v. Sullivan* (1999) 526 U.S. 40, 50 ["[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' "].) Dropbox

11

characterizes the allegedly unconstitutional conduct as its adoption of the forum selection provision, which it asserts Delaware allows but does not require. Plaintiff asserts, however, that he is not suing Dropbox for adopting the forum selection provision. He is challenging the dismissal of his state court action based on the enforcement of a bylaw provision he asserts was adopted pursuant to an unconstitutional state statute. The requisite state action, according to plaintiff, is either the state legislature's adoption of the statute or, as asserted in plaintiff's reply brief, the trial court's dismissal of this action in reliance on the unconstitutional bylaw. We need not address this novel contention because, whether or not state action is involved, plaintiff's constitutional challenges to the Delaware General Corporate law are clearly without merit. (But see *Restoration Robotics, supra*, __ Cal.App.5th at pp. __ [2022 Cal.App. Lexis 366, pp. *20–*23 ] [finding no state action].)

Supremacy Clause

The Supremacy Clause (U.S. Const., art. VI, cl. 2) "invalidates state laws that 'interfere with, or are contrary to,' federal law."[5] (*Hillsborough County v. Automated Medical Laboratories, Inc.* (1985) 471 U.S. 707, 712.) Plaintiff argues that the Delaware statutory scheme violates the Supremacy Clause because it authorizes corporations to nullify the state court jurisdiction authorized by the 1933 Act. But nothing in the Delaware statutory scheme precludes a plaintiff from bringing a claim under the 1933

---

[5] The Supremacy Clause reads, "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." (U.S. Const., art. VI, cl. 2.)

12

Act in state court. As discussed above, the forum selection provision does not violate or conflict with the anti-waiver or anti-removal provisions of the 1933 Act. Accordingly, insofar as section 102 of the DCGL permits adoption of such a bylaw provision, it does not violate or conflict with federal law.

Plaintiff's argument that the Delaware statutory scheme discriminates against federal claims is similarly misplaced. (See *Restoration Robotics*, *supra*, __ Cal.App.5th at pp. __ [2022 Cal.App. Lexis 366, at pp. \*26–\*35] [holding that enforcement of the forum selection provision does not violate the Supremacy Clause].) In *Salzberg, supra*, 227 A.3d 102, the court concluded that claims under the 1933 Act do not "come under Section 115's definition of 'internal corporate claims' " and, therefore, are not subject to the limitation that section imposes on the adoption of forum selection bylaws. (*Id.* at p. 133, fn. 146.) Plaintiff argues, however, that because section 115 applies to purportedly analogous state law securities claims, Delaware is discriminating against 1933 Act claims by not affording them the same guarantee of state court jurisdiction. But the Supremacy Clause does not prohibit a state from regulating claims asserted under its state laws that do not interfere with or contravene federal law. (See *Felder v. Casey* (1988) 487 U.S. 131, 138 ["No one disputes the general and unassailable proposition . . . that States may establish the rules of procedure governing litigation in their own courts."].)

Plaintiff's reliance on *Haywood v. Drown* (2009) 556 U.S. 729 and *Howlett v. Rose* (1990) 496 U.S. 356 is misplaced. In both cases, the court held unconstitutional a state statute that divested the state courts of jurisdiction over claims seeking damages under 42 United States Code section 1983. In *Haywood,* the court explained that "although States retain substantial leeway to establish the contours of their judicial systems, they lack authority

to nullify a federal right or cause of action they believe is inconsistent with their local policies." (556 U.S. at p. 736.) Nothing in the DCGL divests any state court of jurisdiction over a 1933 Act claim. The law permits the parties to agree that actions under the 1933 Act will be bought only in federal court, but that is very different from divesting state courts of the jurisdiction to hear such claims.

Commerce Clause

The Commerce Clause provides that "Congress shall have Power . . . [t]o regulate Commerce . . . among the several States." (U.S. Const., art. I, § 8, cl. 3.) The Commerce Clause prohibits direct regulation of interstate commerce by the states but permits indirect regulation of interstate commerce if the state statute " 'regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental . . . unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits.' " (*Edgar v. MITE Corp.* (1982) 457 U.S. 624, 640, quoting *Pike v. Bruce Church, Inc.* (1970) 397 U.S. 137, 142.)

Plaintiff acknowledges that the Delaware statutes do not purport to directly regulate interstate commerce and that the state does not discriminate against out-of-state actors. He contends, however, that the Delaware statutes impermissibly burden interstate commerce.We disagree. (See *Restoration Robotics, supra,* __ Cal.App.5th at pp. __ [2022 Cal.App. Lexis 366, at pp. *23–*26] [holding that enforcement of the forum selection provision does not violate the Commerce Clause].)

Plaintiff argues that the "Delaware statutory scheme created a corporate power to eliminate, as a forum, state courts for claims arising from [an entirely out-of-state] transaction just because the company is

14

incorporated in Delaware. Such a system indirectly burdens interstate commerce by permitting corporations to unilaterally condition the interstate sale of securities on the loss of the right to state court fora with no clear local Delaware interest in doing so." (Italics omitted.) Plaintiff fails to explain, however, how the forum selection provision at issue, which permits a plaintiff to file a 1933 Act claim in the federal courts of any state, would negatively affect interstate commerce. (Compare, e.g., *Edgar v. MITE Corp.*, *supra*, 457 U.S. 624, 643 [explaining that "[t]he effects of allowing the Illinois Secretary of State to block a nationwide tender offer are substantial. Shareholders are deprived of the opportunity to sell their shares at a premium. The reallocation of economic resources to their highest valued use, a process which can improve efficiency and competition, is hindered. The incentive the tender offer mechanism provides incumbent management to perform well so that stock prices remain high is reduced."].) We fail to see how any indirect impact on commerce that may result from the forum selection provision is likely to affect the sales of securities. Moreover, even assuming that the forum selection provision imposes some limited burden, plaintiff fails to demonstrate that the burden outweighs Delaware's interest in regulating the corporations it charters.

*CTS Corp. v. Dynamics Corp. of America* (1987) 481 U.S. 69 is instructive. In that case, Indiana adopted statutes regulating corporate takeovers by allowing independent shareholders to vote as a group to protect themselves from the coercive aspects of tender offers. (*Id.* at pp. 74–75, 91–92.) The court acknowledged that the statutes had the "potential to hinder tender offers" but concluded that the limited effect of Indiana's statute on interstate commerce was justified by Indiana's interests in defining attributes of its corporations' shares and in protecting shareholders. (*Id.* at

15

pp. 89, 94.) The court explained, "Every State in this country has enacted laws regulating corporate governance. By prohibiting certain transactions, and regulating others, such laws necessarily affect certain aspects of interstate commerce. This necessarily is true with respect to corporations with shareholders in States other than the State of incorporation. Large corporations that are listed on national exchanges, or even regional exchanges, will have shareholders in many States and shares that are traded frequently. The markets that facilitate this national and international participation in ownership of corporations are essential for providing capital not only for new enterprises but also for established companies that need to expand their businesses. This beneficial free market system depends at its core upon the fact that a corporation — except in the rarest situations — is organized under, and governed by, the law of a single jurisdiction, traditionally the corporate law of the State of its incorporation." (*Id.* at pp. 89–90.) The court continued, "It thus is an accepted part of the business landscape in this country for States to create corporations, to prescribe their powers, and to define the rights that are acquired by purchasing their shares. A State has an interest in promoting stable relationships among parties involved in the corporations it charters, as well as in ensuring that investors in such corporations have an effective voice in corporate affairs." (*Id.* at p. 91.)

As in *CTS Corp. v. Dynamics Corp. of America*, *supra*, 481 U.S. 69, the Delaware statute governs only corporations chartered under Delaware law. Plaintiff has offered nothing to show that the state's interest in regulating the corporations it charters does not outweigh any limited burden the statutes in question may place on interstate commerce. For this reason,

16

*Edgar v. MITE Corp., supra*, 457 U.S. 624, relied on by plaintiff, is distinguishable.

In *Edgar v. MITE Corp., supra*, 457 U.S. at pages 627 and 640, the court found unconstitutional an Illinois law that regulated the takeover of any corporation of which Illinois shareholders own 10 percent of the class of securities subject to the takeover offer or for which any two of the following conditions are met: the corporation has its principal office in Illinois, is organized under Illinois laws, or has at least 10 percent of its stated capital and paid-in surplus represented within the state. The court found that the Illinois statute violated the commerce clause because "it directly regulates and prevents, unless its terms are satisfied, interstate tender offers which in turn would generate interstate transactions" and because "the burden the Act imposes on interstate commerce is excessive in light of the local interests the Act purports to further." (*Ibid.*) And, as the court noted in *CTS Corp. v. Dynamics Corp. of America, supra*, 481 U.S. at page 93, unlike the Indiana law or the Delaware statutes at issue here, which govern only corporations chartered by that state, the Illinois law applied broadly to out-of-state corporations as well as to in-state corporations.

**3.      *The forum selection provision is enforceable*.**

Initially, the parties dispute whether this court should apply California or Delaware law to determine whether the forum selection provision is valid and enforceable. Dropbox asserts that the provision was determined to be valid under Delaware law in *Salzberg, supra*, 227 A.3d at page 116 and that this court should follow that decision. Plaintiff does not dispute that the provision is valid under Delaware law, but asserts that this court should instead apply California law. The court concluded that it need not decide the conflict of law question because the provision is valid and enforceable even if

17

California law is applied. We agree. (But see, *Restoration Robotics*, *supra*, __ Cal.App.5th at pp. __ [2022 Cal.App. Lexis 366, at pp. *35–*37] [holding that validity of forum selection provision determined under Delaware Law but enforceability is determined under California law].)

In *Drulias, supra*, 30 Cal.App.5th at pages 707–708, the court explained, "A forum selection clause need not be subject to negotiation to be enforceable. [Citations.] Rather, a forum selection clause contained in a contract of adhesion, and thus not the subject of bargaining, is 'enforceable absent a showing that it was outside the reasonable expectations of the weaker or adhering party or that enforcement would be unduly oppressive or unconscionable.' " Plaintiff contends that he did not assent to the forum selection provision and that purchasers were not given adequate notice of the provision, which was "buried in exhibits among hundreds of pages of prolix." He argues, "No ordinary investor had any reason to expect to be bound by [a forum selection provision] because concurrent state court jurisdiction without the possibility of removal is explicitly provided for in the 1933 Act, as has been the case for many, many decades." However, the registration statements filed by Dropbox gave notice of the forum selection provision in a separate paragraph in bold, italic font and adequately advised prospective stock purchasers that they would be bound by the forum selection provision upon the purchase of stock in the IPO. On this evidence the trial court reasonably found that when plaintiff purchased his shares, he and all other purchasers necessarily agreed to the terms of the forum selection provision.[6] (See

---

[6] For this reason, we reject plaintiff's argument that the forum selection provision is invalid under California contract law. Plaintiff's additional argument that the forum selection provision is not a "lawful object" is based on the previously rejected arguments that the provision conflicts with the

18

*Restoration Robotics*, *supra*, __ Cal.App.5th at pp. __ [2022 Cal.App. Lexis 366, at pp. *37-41].)

Contrary to plaintiff's argument, enforcement of the provision is not unreasonable. "In the context of forum selection clauses, enforcement is considered unreasonable where 'the forum selected would be unavailable or unable to accomplish substantial justice' or there is no 'rational basis' for the selected forum." (*Drulias*, *supra*, 30 Cal.App.5th at p. 707.) As the trial court observed, "There cannot be any doubt that federal courts have the expertise, ability and excellent judges. . . . While plaintiffs point out differences between federal and state courts, they cannot seriously be arguing that federal courts cannot fairly and efficiently handle these cases or that they cannot obtain justice in a federal court. The federal court can provide efficiencies of coordination through the Panel on Multidistrict Litigation, which are not possible if cases are filed in state court. Plaintiffs have failed to demonstrate and could not demonstrate that they will lose substantive rights if these federal claims are litigated in federal court."

Finally, we agree with the trial court's conclusion that the forum selection provision is not unconscionable. (See also *Restoration Robotics*, *supra*, __ Cal.App.5th __ [2022 Cal.App. Lexis 366, at pp. *41-45 ] [holding that forum selection provision is not unconscionable].) Unconscionability has both procedural and substantive elements, and both must be found for the court to refuse to enforce a contract or clause based on unconscionability. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83.) Procedural unconscionability looks at the process surrounding the contract formation, and focuses on "oppression" or "surprise" due to unequal

_____

express provisions of the 1933 Act and is unconstitutional. We need not revisit those arguments here.

19

bargaining power. (*Id.* at p. 114.) Substantive unconscionability applies if the contract or an essential provision of the contract is "overly harsh" or has "one-sided" results. (*Ibid.*) Although both procedural and substantive unconscionability must be found, they need not be present in the same degree. (*Ibid.*) Unconscionability turns not only on one-sidedness, but also on the absence of a reasonable justification. (*Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1532.)

As the court acknowledged, the agreement has "some procedural unconscionability" insofar as it was "drafted by Dropbox, presented on take it or leave it basis, and only applies to Securities Act claims." The trial court correctly observed, however, that it was not particularly "unusual or surprising that a federal Securities Act claim would be litigated in federal court."[7]  In finding a lack of substantive unconscionability, the trial court correctly reasoned that given the limited jurisdiction of the federal courts, application of the provision to only 1933 Act claims was not unreasonable, and that the provision supported Dropbox's legitimate business interest in consolidating any litigation against it. Finally, as set forth above, the court reasoned that the federal courts are fully equipped to fairly and efficiently resolve plaintiff's claims so that plaintiff will not be deprived of any substantive rights if his claims are litigated in federal court.

### Disposition

The judgment dismissing the action is affirmed.

POLLAK, P. J.

---

[7] The trial court also observed that plaintiff did not show that he did not have "a meaningful choice of reasonable alternative investment." We express no opinion as to whether the existence of other stock options tends to negate unconscionability.

20

WE CONCUR:

STREETER, J.
BROWN, J.